# STATE OF NORTH CAROLINA

CATAWBA County

File No. 24 CvS 835

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**Name Of Plaintiff**
WALTER KEVIN CARPENTER

**Address**
c/o Morgan Law, PLLC; 200 First Ave. NW; Suite 531

**City, State, Zip**
Hickory                    NC        28601

**VERSUS**

**Name Of Defendant(s)**
THE CITY OF NEWTON,
KEVIN YODER, and
BRIAN KEITH WHITENER

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

**To Each Of The Defendant(s) Named Below:**

**Name And Address Of Defendant 1**
The City of Newton
401 N. Main Avenue
Newton                     NC        28658

**Name And Address Of Defendant 2**

⚠ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
WILLIAM E. MORGAN
MORGAN LAW, PLLC
200 FIRST AVENUE, NW; SUITE 531
HICKORY                    NC        28601

**Date Issued** 3-28-24    **Time** 2:55 ☐ AM ☒ PM

**Signature**
☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**    **Time** ☐ AM ☐ PM

**Signature**
☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 1.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Acceptance of service.
Summons and complaint received by: ☐ Defendant 2.
☐ Other: *(type or print name)*

| Date Accepted | Signature |
|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

CATAWBA County

File No. 24 CvS 838

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**Name Of Plaintiff**
WALTER KEVIN CARPENTER

**Address**
c/o Morgan Law, PLLC; 200 First Ave. NW; Suite 531

**City, State, Zip**
Hickory  NC  28601

**VERSUS**

**Name Of Defendant(s)**
THE CITY OF NEWTON,
KEVIN YODER, and
BRIAN KEITH WHITENER

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

**To Each Of The Defendant(s) Named Below:**

**Name And Address Of Defendant 1**
Kevin Yoder
119 S Brady Avenue
Newton  NC  28658

**Name And Address Of Defendant 2**

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
WILLIAM E. MORGAN
MORGAN LAW, PLLC
200 FIRST AVENUE, NW; SUITE 531
HICKORY  NC  28601

**Date Issued:** 3-28-24
**Time:** 2:55 ☐ AM ☒ PM
**Signature:** [signed]
☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**  **Time** ☐ AM ☐ PM
**Signature**
☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM  ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 1. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM  ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 2. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | File No. 24 CvS 838 |
|---|---|
| CATAWBA County | In The General Court Of Justice <br> ☐ District ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| WALTER KEVIN CARPENTER |
| Address |
| c/o Morgan Law, PLLC; 200 First Ave. NW; Suite 531 |
| City, State, Zip |
| Hickory          NC    28601 |
| **VERSUS** |
| Name Of Defendant(s) |
| THE CITY OF NEWTON, |
| KEVIN YODER, and |
| BRIAN KEITH WHITENER |

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Brian Keith Whitener <br> c/o The City of Newton <br> 401 N. Main Avenue <br> Newton      NC    28658 | |

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued 3-28-24 | Time 2:55 ☐ AM ☒ PM |
|---|---|---|
| WILLIAM E. MORGAN <br> MORGAN LAW, PLLC <br> 200 FIRST AVENUE, NW; SUITE 531 <br> HICKORY      NC    28601 | Signature <br> ☒ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)** <br> This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature <br> ☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 12/23
© 2023 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | AM ☐  PM ☐ | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (If corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 1. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | AM ☐  PM ☐ | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (If corporation, give title of person copies left with)*

| ☐ Acceptance of service. Summons and complaint received by: ☐ Defendant 2. ☐ Other: *(type or print name)* | Date Accepted | Signature |
|---|---|---|

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff *(type or print)* |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 12/23
© 2023 Administrative Office of the Courts

STATE OF NORTH CAROLINA　　　　　　　　　IN THE GENERAL COURT OF JUSTICE
COUNTY OF CATAWBA　　　　　　　　　　　　SUPERIOR COURT DIVISION
　　　　　　　　　　　　　　　　　　　　　　　FILE NO. 24 CVS 838

WALTER KEVIN CARPENTER

　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
THE CITY OF NEWTON, KEVIN　　　　　　)　　　**COMPLAINT**
YODER, AND BRIAN KEITH　　　　　　　 )　　　Jury Trial Demanded
WHITENER　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　　)

The Plaintiff, making this COMPLAINT against the Defendants, alleges as follows:

1. Plaintiff Walter Kevin Carpenter is a citizen and resident of Conover, Catawba County, North Carolina. At the time he was discriminated against by the Defendants, he was fifty-four (54) years old.

2. Defendant City of Newton ("the City") is a North Carolina municipality located in Catawba County, North Carolina. The City of Newton is the governing body responsible for oversight of the City of Newton Fire Department ("the Fire Department") and for purposes of this lawsuit is a citizen and/or resident of Catawba County, North Carolina.

3. Defendant City of Newton Fire Department is the fire department for the City of Newton and for purposes of this lawsuit is a citizen and/or resident of Catawba County, North Carolina.

4. Upon information and belief, Defendant Kevin Yoder ("Yoder" or "Chief Yoder") is a citizen and resident of Newton, North Carolina and is the Fire Chief with the Fire Department and was so employed during all times relevant to this Complaint.

5. Upon information and belief, Defendant Brian Keith Whitener ("Whitener") is a citizen and resident of Newton, North Carolina and was employed with the City as a Deputy

Chief, directly under Chief Yoder, in the Fire Department and was so employed during all times relevant to this Complaint.

6. Plaintiff reported directly to Battalion Chief Kenneth Huffman ("Huffman").

7. At all times relevant to this Complaint, Chief Yoder, Huffman, and Whitener acted with the express, implied or apparent authority of Defendant Fire Department and Defendant City of Newton. Additionally, or alternatively, Defendants Fire Department and the City ratified the actions of Defendant Chief Yoder, Huffman, and Whitener.

8. This is a proceeding, among other claims, for reinstatement and damages to redress the deprivation of rights secured to the Plaintiff by Section 7(b), 29 U.S.C. § 626(b), of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA").

9. Defendants are or were at the times relevant to this complaint, engaged in an industry affecting commerce, as defined in Section 11(h) of the ADEA, 29 U.S.C. § 630(h). Defendants have employed twenty (20) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. Defendants are "an employer" within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b). Furthermore, Defendant was the "employer" of Plaintiff within the meaning of 42 U.S.C. § 12102(5) (A).

10. Plaintiff was hired by the City on or about October 8, 2004 as a Firefighter and was promoted to Engineer. When he was terminated by the Defendants, he was employed as a Firefighter/Engineer.

11. The Defendant City of Newton was the employer of the Plaintiff, and the Plaintiff was the employee of the Defendant City of Newton.

12. On or about June 4, 2022, Huffman ordered Plaintiff to respond on the ladder truck to a structure fire. Huffman put on his turnout gear and assisted with the fire, which was his individual choice. At the end of the call, Whitener expressed his displeasure with Plaintiff because he did not put on his turnout gear, although Plaintiff did not have the opportunity to put on that gear.

13. The next day, Chief Yoder chastised Mr. Carpenter by saying "You think you don't have to do anything but run the truck" and blamed him for Huffman putting on his turnout gear, even though my client was given a direct order to run the ladder truck. Chief Yoder referred to Carpenter's age when he asked, "Why don't you put on the turnout gear—all of the younger guys go in and actually fight fires."

14. The timing of this incident and the age-related animus is particularly revealing, in that it occurred only two weeks before the Defendant City terminated the Plaintiff.

15. On or about June 15, 2022, the Plaintiff send the following text to text to Kenneth Huffman, mimicking the exact language used on multiple occasions by another employee, Cody Lawing ("Lawing"):

    *"In the famous words of Cody Lawing, F U and F U and I am out of here."*

16. On June 22, 2022, his first day after returning from vacation, the Defendant City terminated the Plaintiff's employment by firing him.

17. The Plaintiff appealed his termination to Chief Yoder, following the appeals process as prescribed by the Defendant City in their policies and procedures distributed to all employees.

18. The termination of the Plaintiff was an adverse employment action.

19. The Defendant's sole purported reason for terminating the Plaintiff was because of the language in the text.

## FIRST CLAIM FOR RELIEF
Age Discrimination; Violation of ADEA, 29 U.S.C. § 623 et. seq.
(Against Defendant City of Newton)

20. Plaintiff incorporates the alleged facts, elements, and claims within the paragraphs above and alleges them again as if fully set forth herein.

21. At the time of his termination by the Defendants, the Plaintiff was meeting his employer's legitimate expectations.

22. At the time of his termination by the Defendants, the Plaintiff was over forty years old. In fact, Plaintiff was the oldest employee working at the Newton Fire Department at the time.

23. The termination of the Plaintiff was an adverse employment action taken against the Plaintiff by his employer, the Defendant City, and said discharge and was a discriminatory violation of the ADEA, 29 U.S.C. § 623.

24. The discriminatory animus of the Defendants is shown in part by:

a. Defendants implying that the Plaintiff was too old to do anything other than run the truck;
   b. Chief Yoder's ageist comment to the Plaintiff: "Why don't you put on the turnout gear—all of the younger guys go in and actually fight fires;"
   c. The Defendants treating a younger employee in the same situation more favorably than they treated the Plaintiff, in that an employee under 40 (Lawing) was not terminated or even disciplined for similar (and arguably worse) language for which the Plaintiff was terminated;
   d. The Defendants have made multiple public and ageist comments to the Plaintiff, such as Huffman saying: "We should just shove you out into traffic," and "We're going to push you down the steps and you won't recover."

25. The reason the Defendant offered for terminating the Plaintiff (the language in a comical text message) was merely a pretext to cover their actual, illegal, discriminatory, and retaliatory reason.

26. The pretextual nature of the reason for termination is shown, in part, by:

   a. The fact that Lawing was not terminated or reprimanded for using the same language;
   b. The language the Lawing used was more graphic, given that his statements did not use the abbreviation "F U" but instead actually said "Fuck You;"
   c. Lawing repeated the statement several times without consequence, whereas Carpenter only made the statement once;
   d. The public nature of Lawing's statements as opposed to the limited audience on the one text from the Plaintiff;
   e. The Defendants referenced personnel policy IV.10(b)(18) in terminating the Plaintiff which prohibits "abusive and/or threatening language to a supervisor" when the comical text was neither abusive nor threatening;
   f. The Plaintiff continued the comical tone in the text thread by texting sarcastically "So I guess you guys don't love me anymore;"
   g. Plaintiff and Huffman (the actual supervisor receiving the text) discussed the text before Defendant's terminated the Plaintiff and Huffman admitted the text was a joke and not abusive or threatening to him;
   h. Huffman and multiple other employees have used the same exact phrase ("F U") in talking with the Plaintiff;
   i. The Plaintiff's employment record was virtually spotless prior to the termination, he had not been reprimanded before for this conduct or warned that one incident such as this could lead immediately to his termination. Furthermore, the Defendants did not refer to or rely upon any prior reprimands or warnings when terminating the Plaintiff;
   j. The comments by Chief Yoder that any appeal of his termination would be fruitless; and

k. Chief Yoder refusing to provide any explanation during the appeals process as to why the Plaintiff would be treated differently than Lawing for essentially the same conduct.

27. The Plaintiff was damaged by the discrimination by the Defendant in an amount in excess of $25,000.00 to be proven at trial.

## **SECOND CLAIM FOR RELIEF**
Termination in Violation of Public Policy
(Against Defendant City of Newton)

28. Plaintiff incorporates the alleged facts, elements, and claims within the paragraphs above and alleges them again as if fully set forth herein.

29. Under N.C. Gen. Stat. § 143-422.2, it is the public policy of North Carolina to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees.

30. The Defendants engaged in discriminatory actions in violation of the public policy of North Carolina, in that:

    a. They harassed the Plaintiff because of his age (over 40); and
    b. They terminated the Plaintiff because of his age (over 40)

31. The above acts and practices of the Defendants constitute unlawful discriminatory employment practices within the meaning of N.C. Gen. Stat. § 143-422.2.

32. It is also the established public policy of the State of North Carolina, by and through its State Constitution (Article I, Section 14) and the First Amendment to the United States Constitution, to protect the freedom of all citizens to speak freely, especially with regard to matters of personal and public safety as well as the rights of all workers to be paid fairly and with due regard to all laws and regulations governing the workplace.

33. The Defendants retaliated against the Plaintiff for, among other things: Plaintiff's exercise of his right to free speech shown by his alleged cooperation, assistance, or support of other employees (namely James Martin and Eddie Chapman) in publicly exercising their free speech in commenting on and/or bringing complaints or litigation against the Defendants for claims based on age and disability discrimination, retaliation for complaint about wages and safety concerns.

34. It is the public policy of the State of North Carolina and the municipality of the City of Newton as codified in their own policy and procedural manual that any employee disciplinary appeals process be followed fairly and equally, without any breach of a material term, rather than arbitrarily or in a discriminatory fashion.

35. The Defendant City failed to abide by their own policy and terminated the Plaintiff in violation of his due process rights, having predetermined the outcome of his internal appeals process, as shown in part by:

    a. Plaintiff had vacation pay owed to him, which he would not have been entitled to unless and until his termination was final, and which was nonetheless transferred to his bank account even before the appeals process was over.
    b. Chief Yoder arbitrarily refusing to even consider the discriminatory nature of the differential treatment of the Plaintiff compared with Lawing and others; and
    c. The City Manager arbitrarily refusing to give the Plaintiff a hearing on his appeal.

36. The actions of the Defendant City, Yoder, and the City Manager show that the appeals outcome was predetermined and a sham, pro forma exercise, rather than an actual opportunity for the Plaintiff to have due process and a full opportunity to be heard.

37. As a result of Defendants' discriminatory, anti-constitutional, harassing, and retaliatory acts, Plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation in an amount in excess of $25,000.00 to be proven at trial, unless and until this Court grants relief.


### THIRD CLAIM FOR RELIEF
Blacklisting / Tortious Interference with Prospective Contract
(Against Defendants City of Newton, Yoder)

38. Plaintiff incorporates the alleged facts, elements, and claims within the paragraphs above and alleges them again as if fully set forth herein.

39. After being wrongfully terminated by the Defendant, the Plaintiff applied to other county jobs, including to Catawba County Communications Center and the Catawba County Detention Center, in which he was objectively the best qualified and most experienced candidate for those positions.

40. Despite his overwhelming experience and qualifications when compared to the other candidates for those positions, and after reaching the final stages of the hiring process—and in one instance being given an offer of employment—by satisfying the essential requirements for those positions, the Plaintiff was ultimately denied employment.

41. Upon information and belief, Defendants Chief Yoder made false and unsolicited statements to prospective employers of the Plaintiff, including the Comm Center and Detention Center.

42. The false and unsolicited statements made by Chief Yoder operated to prevent the Plaintiff from obtaining employment at multiple other employers.

43. Alternatively, Defendant Yoder knew of the prospective contract(s) for employment between the Plaintiff and the Communications Center and Detention Center, and purposefully and without a legitimate business reason interfered with those contracts and thereby denied the Plaintiff the economic advantage of those contracts.

44. Plaintiff has been damaged by the blacklisting and/or tortious interference by Chief Yoder in an amount in excess of $10,000.00 to be proven at trial.

## FOURTH CLAIM FOR RELIEF
Denial of Due Process / Breach of Contract
(Against Defendant City of Newton)

45. Plaintiff incorporates the alleged facts, elements, and claims within the paragraphs above and alleges them again as if fully set forth herein.

46. Additionally, and/or alternatively to the claims above, the Defendant City was obligated to follow its own policies and procedures in terminating the Plaintiff and allowing for him to exercise his right to appeal that decision and be afforded due process and the full opportunity to be heard.

47. During the appeals process, Chief Yoder and the City Manager told the Plaintiff there was no valid reason to overturn the previous decision to terminate the Plaintiff and reinstate him to his position, and arbitrarily denied the Plaintiff the opportunity for a hearing, even after being presented clear reasons and examples that proved the Plaintiff was being targeted for the same conduct that his fellow employees and supervisors had engaged in multiple times before without adverse consequences.

48. The actions of the Defendant City and Chief Yoder operated to deny the Plaintiff his due process and were a material breach of the employment agreement with the Plaintiff.

49. Plaintiff has been damaged by the blacklisting by Chief Yoder and Whitener in an amount in excess of $10,000.00 to be proven at trial.

## FIFTH CLAIM FOR RELIEF
Malicious Prosecution / Abuse of Process
(Against Defendant Whitener)

50. Plaintiff incorporates the alleged facts, elements, and claims within the paragraphs above and alleges them again as if fully set forth herein.

51. On or about September 22, 2022, Defendant Whitener sought out and obtained a warrant for the arrest of the Plaintiff for the charge of "Communicating Threats" based on an anonymous text message he purportedly received.

52. Defendant Whitener prosecuted this action against the Plaintiff in Catawba County District Court, 23 CR 301806 as a result of his personal malice against the Plaintiff.

53. Defendant Whitener brought the criminal action against the Plaintiff without probable cause, given that there was no actual evidence specifically linking the Plaintiff to the criminal conduct alleged given that the phone number used to send the threatening text had no proven or alleged connection to the Plaintiff and Whitener took no steps to verify the identity of the user of the phone.

54. The criminal proceedings instigated by Defendant Whitener were dismissed in favor of the Plaintiff.

55. The Plaintiff has been damaged by the malicious prosecution by Defendant Whitener in an amount in excess of $10,000.00 to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against the defendant as follows:

a. For Judgment against the City of Newton for violating the ADA, Wrongful Termination in Violation of Public Policy, and Breach of Contract/Violation of Due Process;
b. For Judgment against Defendant Yoder for Blacklisting and/or Tortious Inference with Contract;
c. For Judgment against Defendant Whitener for Malicious Prosecution;
d. For a money judgment representing compensatory damages, including lost wages or back pay, and all other sums of money, including retirement benefits and other employment benefits, together with interest on said amounts;
e. For a money judgment representing liquidated damages for Defendants' willful violations of the Age Discrimination in Employment Act;
f. For a money judgment representing prejudgment interest;
g. That the Court retain jurisdiction over this action until the Defendants have fully complied with the Orders of this Court and that the Court require the Defendants to file such reports as may be necessary to supervise such compliance;
h. Treble damages for willful violations of N.C. Gent Stat 95-241;

i. For the costs of suit, including an award of reasonable attorneys' fees pursuant to 29 U.S.C. §§ 626(b) and § 216(b) [ADEA]
j. For a trial by jury of all issues in this action; and
k. For such other and further relief as may be just and proper.

This, the 28th day of March, 2023.

William E. Morgan
*Attorney for the Plaintiff*

N.C. Bar #35459
Morgan Law, PLLC
200 First Avenue NW; Suite 531
Hickory, NC 28601
828-855-3212
(f) 828-855-3214
morgan@morganlaw.org